**EXHIBIT A**



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

THOMAS J. ALSTON
_____
                                Plaintiff
            vs.

LEXISNEXIS RISK SOLUTIONS INC                         Case Number   2021 CA 002667 B
_____
                                Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Thomas J. Alston
_____              Clerk of the Court
Name of Plaintiff's Attorney

4020 Southern Ave SE Wash DC 20020
_____    By _____
Address                                                                    Deputy Clerk

(240) 432 - 0927
_____    Date   08/03/2021
Telephone
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                           Super. Ct. Civ. R. 4



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

THOMAS J. ALSTON
    Vs.                                        C.A. No.    2021 CA 002667 B
LEXISNEXIS RISK SOLUTIONS INC. et al

## INITIAL ORDER AND ADDENDUM

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                **Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge FERN FLANAGAN SADDLER
Date:      August 3, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, November 12, 2021
Location: Courtroom 100
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

                                                      CAIO-60

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Thomas J. Alston                          Case Number: _____

vs                                          Date: August 1, 2021

LexisNexis Risk Solutions         ☐ One of the defendants is being sued
                                                in their official capacity.

Name: *(Please Print)* Thomas J. Alston

Firm Name: _____

Telephone No.: _____  Six digit Unified Bar No.: _____

Relationship to Lawsuit
☐ Attorney for Plaintiff
☒ Self (Pro Se)
☐ Other: _____

TYPE OF CASE: ☐ Non-Jury   ☒ 6 Person Jury   ☐ 12 Person Jury
Demand: $ 100,000                    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

**A. CONTRACTS**                              **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property               Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees          Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                     Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile              ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion              ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy              ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☒ 11 Libel and Slander                     Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference          ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution           ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal               ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile,    ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                             Not Malpractice)                 ☐ 23 Tobacco
                                                                        ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE _____ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_Thomas Alston_                                     _August 1, 2021_
Attorney's Signature                                Date

CV-496/ June 2015

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION–CIVIL ACTIONS BRANCH

THOMAS J. ALSTON
4020 SOUTHERN AVE SE
WASHINGTON, DC 20020

    Plaintiff,

v.                                         Case No. _____

LEXISNEXIS RISK SOLUTIONS INC.
c/o C T CORPORATION SYSTEM
1015 15TH ST NW, SUITE 1000
WASHINGTON, DC 20005

    Defendant,

SAGESTREAM, LLC
c/o C T CORPORATION SYSTEM
1015 15TH ST NW, SUITE 1000
WASHINGTON, DC 20005
    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff, Thomas Alston, files suit against defendants LexisNexis Risk Solutions Inc. ("Lexis") and Sagestream, LLC ("Sagestream"), and alleges as follows:

### PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. ("FCRA").

### PARTIES TO THIS ACTION

2.    Thomas Alston is a natural person who resides in the District of Columbia.

3.    Lexis and Sagestream collect and furnish personal and/or credit information to third parties regarding consumers throughout the United States. Lexis and Sagestream are both furnishers and credit reporting agencies under the FCRA.

## FACTUAL ALLEGATIONS

4. Defendants are reporting several unauthorized inquiries on Plaintiff's credit reports.

5. On Plaintiff's report from Equifax, Defendants are reporting five inquiries – including a FNB Omaha inquiry on July 19, 2021, BB&T inquiries on June 2nd, 8th and 9th 2021 and a Universal Credit Services inquiry on May 12, 2021 – that were not authorized by Plaintiff.

6. On Plaintiff's report from Experian, Defendants are reporting three inquiries – including a FNB Omaha inquiry on July 19, 2021, a PNC inquiry on July 1, 2021 and a Universal Credit Services inquiry on May 12, 2021 – that were not authorized by Plaintiff.

7. On Plaintiff's report from Trans Union, Defendants reported a Ucs/2 Patch Of Land inquiry on May 12, 2021 that was not authorized by Plaintiff.

8. On July 5, 2021, Plaintiff requested his credit report from the Defendants.

9. Defendants did not provide Plaintiff with a copy of his credit report.

10. By letters dated June 1, 2021, June 18, 2021 and July 28, 2021, Plaintiff disputed the unauthorized credit inquiries.

11. The credit reporting agencies – Equifax, Experian and Trans Union – forwarded notice of Plaintiff's disputes to the Defendants.

12. The Defendants responded to Plaintiff's dispute by false representing to the credit reporting agencies that the unauthorized credit inquiries were authorized by Plaintiff.

13. A reasonable investigation of Plaintiff's dispute would have entailed the Defendants contacting the entities that made the inquiry, but the Defendants verified the inquiries as authorized without contacting the entities who made the inquiries.

14. Following Defendants' failure to instruct the credit reporting agencies to remove the unauthorized inquiries on Plaintiff's credit report, the Plaintiff was denied credit because of the unauthorized inquiries appearing on his credit reports.

## COUNT ONE: VIOLATION(S) OF 15 U.S.C. § 1681g

15. Plaintiff incorporates paragraphs 1 through 14.

16. Section 1681g mandates that a credit reporting agency disclose a consumer's credit file upon request from the consumer.

17. Defendants violated 15 U.S.C. § 1681g(a) by failing to disclose all information in the Plaintiff's credit files after receiving a request from Plaintiff for his credit report and/or credit file.

18. Plaintiff suffered anxiety and frustration as result of Defendants' failure to provide Plaintiff with his credit report and/or credit file.

19. Defendants' failure to disclose Plaintiff's credit report and/or credit file was the result of inadequate policies and procedures that implemented in a reckless disregard of Defendants' obligations under the FCRA.

20. Defendants' violations were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

21. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n and 1681o.

## COUNT TWO: VIOLATION OF 15 U.S.C. § 1681s-2(b)

22. Plaintiff incorporates paragraphs 1 through 14.

23. Section 1681s-2(b)(1)(A) mandates a furnisher conduct a reasonable investigation of a consumer's dispute that is forwarded to the furnisher by a credit reporting agency.

24. To satisfy the reasonable investigation standard, a data furnisher must conduct a searching inquiry into the dispute rather than a superficial or perfunctory investigation.

25. Defendants violated section 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of Plaintiff's dispute that was forwarded to them from the credit reporting agencies.

3

26. Defendants did *not* read Plaintiff's dispute letter, much less investigate the issues raised in Plaintiff's dispute letter.

27. Consequently, Defendants perfunctory investigation was not likely to turn up information about the underlying facts and positions of the parties.

28. Defendants' perfunctory investigation is the normal procedure that Defendants follow when responding to consumer disputes.

29. Defendants adopted this policy of conducting perfunctory investigations because Defendants prioritized saving money over assuring the accuracy of the information they furnished.

30. Section 1681s-2(b)(1)(B) mandates a furnisher review all relevant information that it receives from a CRA regarding a consumer's dispute.

31. Defendants process credit disputes based on the information contained in the ACDV only and do not review the dispute letter that may be attached to the ACDV.

32. Defendants only spend minutes processing a dispute and do not have time to review the dispute letter or any other relevant information provided by the credit reporting agency.

33. Defendants adopted their policy of conducting quick, perfunctory investigations to keep their costs low for processing consumers' disputes.

34. Sections 1681s-2(b)(1)(C)-(E) mandate that a furnisher report the results of the investigation of the credit dispute to the CRAs.

35. Defendants violated section 1681s-2(b)(1)(C)-(E) by failing to report that the investigation did not verify *with* the inquiring entities that the inquiries were verified.

36. Defendants violated section 1681s-2(b)(1)(C) & (E) by failing to report the inquiries were disputed as unauthorized by Plaintiff.

37.     Defendants' violation(s) of section 1681s-2(b)(1)(C)-(E) are due to its policies, practices and procedures to limit the scope of a dispute processors investigation and to report the disputed information as accurate even if their limited investigation did not verify the information.

38.     As a result of Defendants violations of 15 U.S.C. §§ 1681s-2(b)(1)(A)-(E), Plaintiff suffered actual damages, including but not limited to: out-of-pocket and/or pecuniary costs, loss of credit opportunity, damage to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

39.     The violations by Defendants were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles him to recovery under 15 U.S.C. § 1681o.

40.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against all Defendants; for his fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

TRIAL BY JURY IS DEMANDED.

Dated: July 30, 2021

                                        Respectfully submitted,

                                        _____
                                        Thomas J. Alston
                                        Pro Se Plaintiff
                                        4020 Southern Ave SE
                                        Washington, DC 2020
                                        Tel: (240) 432-0927
                                        talston@washlegal.com